**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>                Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br>(Jointly Administered) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>NIRAV DEEPAK MODI, MIHIR BHANSALI, and AJAY GANDHI,<br><br>                Defendants. | 22-CV-5250-CM<br><br>Adv. Proc. No. 19-1102 (SHL) |
| RICHARD LEVIN, Liquidating Trustee for the Liquidating Trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>MIHIR BHANSALI and AJAY GANDHI,<br><br>                Defendants. | 22-CV-5293-UA<br><br>Adv. Proc. No. 20-1052 (SHL)<br><br><br>**LIQUIDATING TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO AJAY GANDHI'S MOTIONS TO WITHDRAW** <u>**THE REFERENCE**</u> |

JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel for the Liquidating Trustee*

## TABLE OF CONTENTS

Table of Contents ................................................................................................. i

Table of Authorities .......................................................................................... ii

Preliminary Statement ...................................................................................... 1

Background ........................................................................................................ 2

Argument ........................................................................................................... 5

    I.  Withdrawal of the Reference is Unwarranted. ................................................ 5

        A.  Legal Standard ................................................................................... 5

        B.  Gandhi Has Failed to Establish Grounds for Mandatory Withdrawal of the Reference. .......................................................... 6

        C.  Gandhi Has Failed To Show Cause for Withdrawal of the Reference. ........................................................................................... 7

            1.  The Bankruptcy Court's Lack of Final Adjudicative Authority Is Not Dispositive of the Permissive Withdrawal Inquiry ........................ 8

            2.  Considerations of Judicial Efficiency Weigh Against Withdrawal of the Reference. ....................................................... 8

            3.  Considerations of Delay and Costs to the Parties Weigh Against Withdrawal of the Reference. .............................. 11

            4.  Considerations of Uniformity Weigh Against Withdrawal of the Reference. ........................................................................ 12

            5.  Prevention of Forum Shopping Weighs Against Withdrawal of the Reference. ........................................................................ 12

Conclusion ....................................................................................................... 13

## T<span>ABLE OF</span> A<span>UTHORITIES</span>

**Page(s)**

**Cases**

*City of New York v. Exxon Corp.,*
    932 F.2d 1020 (2d Cir. 1991) ..................................................................................... 5

*In re Extended Stay, Inc.,*
    466 B.R. 188 (S.D.N.Y. 2011) .............................................................................. 9, 12

*In re Firestar Diamond, Inc.,*
    615 B.R. 161 (Bankr. S.D.N.Y. 2020) ..................................................................... 3

*Guevoura Fund Ltd. v. Sillerman,*
    No. 18 CIV. 9784 (CM), 2018 WL 6713124 (S.D.N.Y. Dec. 3, 2018) ...................... 6

*In re Keene Corp.,*
    182 B.R. 379 (S.D.N.Y. 1995) .............................................................................. 6, 7

*In re Lehman Bros. Holdings Inc.,*
    532 B.R. 203 (S.D.N.Y. 2015) ............................................................................ 11, 12

*Lehman Bros. Holdings, Inc. v. Hometrust Mortg. Co. (In re Lehman*
    *Bros. Holdings, Inc.),*
    No. 15 CIV. 304 PAE, 2015 WL 891663 (S.D.N.Y. Feb. 25, 2015) ........................ 5

*Lehman Bros. Holdings Inc. v. Intel Corp. (In re Lehman Bros.*
    *Holdings Inc.),*
    18 F. Supp. 3d 553 (S.D.N.Y. 2014) ..................................................................... 10

*Lehman Bros. Holdings Inc. v. JPMorgan Chase, Inc. (In re Lehman*
    *Bros. Holdings Inc.),*
    480 B.R. 179 (S.D.N.Y. 2012) ............................................................................... 9

*Lehman Bros. Holdings Inc. v. Wellmont Health Sys. (In re Lehman*
    *Bros. Holdings Inc.),*
    No. 14 CIV. 01083 LGS, 2014 WL 3583089 (S.D.N.Y. July 18, 2014) ................... 9

*Money Centers of Am., Inc. v. Sherb & Co. LLP (In re Money Centers of*
    *Am., Inc.),*
    579 B.R. 710 (S.D.N.Y. 2016) ........................................................................... 8, 12

*In re Orion Pictures Corp.,*
    4 F.3d 1095 (2d Cir. 1993) .................................................................................... 6

*Pension Fin. Serv. v. O'Connell (In re Arbco Capital Mgmt., LLP)*,
    479 B.R. 254 (S.D.N.Y. 2012) ................................................................ 10

*Picard v. Saren-Lawrence*,
    No. 17 CIV. 5157 (GBD), 2018 WL 2383141 (S.D.N.Y. May 15, 2018) ........... 9, 11

*Roman Catholic Diocese of Rockville Centre v. Certain Underwriters at
    Lloyds, London*,
    634 B.R. 236 (S.D.N.Y. 2021) .................................................................. 6

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
    486 B.R. 579 (S.D.N.Y. 2013) .................................................................. 5

*In re Solano*,
    No. CV 17-2158 FMO, 2017 WL 8180597 (C.D. Cal. June 19, 2017) ................. 7

*Stern v. Marshall*,
    564 U.S. 462 (2011) ............................................................................... 6

*In re TS Emp., Inc.*,
    No. 20 CIV. 9558 (JPC), 2021 WL 5087928 (S.D.N.Y. Nov. 2, 2021) ............... 8, 9

## Statutes

28 U.S.C. § 157(a) ....................................................................................... 5

28 U.S.C. § 1334(b) ..................................................................................... 5

## Other Authorities

*In re Standing Order of Reference Re: Title 11*,
    Order M-341, 12 Misc. 32 (LAP) (S.D.N.Y. Jan 31, 2012) ...................................... 5

Richard Levin, not individually but as liquidating trustee ("**Trustee**") for the liquidating trust of Firestar Diamond, Inc. and Old AJ, Inc. (f/k/a A. Jaffe Inc.), by and through his undersigned counsel, respectfully submits this opposition to *Ajay Gandhi's Motion to Withdraw the Reference* (No. 22-cv-5250, Dkt. 1; Adv. Proc. 19-1102, Dkt. 90) and *Ajay Gandhi's Motion to Withdraw the Reference* (No. 22-cv-5293, Dkt. 1; Adv. Proc. No. 20-1052, Dkt. 23) (the "**Withdrawal Motions**"), which seek withdrawal of the reference to the Bankruptcy Court of adversary proceedings *Levin v. Modi*, Adv. Proc. 19-1102 (Bankr. S.D.N.Y.) (the "**Fiduciary Duty Action**" or "**First Adversary Proceeding**") and *Levin v. Bhansali*, Adv. Proc. 20-1052 (Bankr. S.D.N.Y.) (the "**Salary Action**" or "**Second Adversary Proceeding**," and together with the Fiduciary Duty Action, the "**Adversary Proceedings**"). The Trustee opposes the Withdrawal Motions and respectfully states:

PRELIMINARY STATEMENT

1.      The Withdrawal Motions are premature. Ajay Gandhi asks this Court to withdraw the reference of the Adversary Proceedings because, in light of Gandhi's jury demand, the Bankruptcy Court lacks authority to finally adjudicate the primarily non-core claims. But even where a bankruptcy court lacks final adjudicative authority, there is typically no basis for withdrawing the reference before trial; courts in this District and around the country routinely direct the bankruptcy courts to retain the case to complete the pre-trial process and consider summary resolution, particularly where, as here, the Bankruptcy Court is intimately familiar with the facts and issues involved in the litigation. The

Bankruptcy Court has the benefit of over four years of regular, detailed exposure to the issues raised by the Adversary Proceedings and the Debtors' underlying chapter 11 bankruptcy cases, including other pending litigation involving similar facts and legal claims for which Gandhi is not a party. Withdrawing the reference to the Bankruptcy Court would be inefficient, impose delay and costs on the parties, and risk non-uniform treatment of litigation in these chapter 11 cases.

2.      The timing of the Withdrawal Motions also appears tactical. Gandhi filed the Withdrawal Motions after the Bankruptcy Court denied his motion to dismiss the Fiduciary Duty Action but while his motion to dismiss the Salary Action remains under submission and when discovery was about to begin. It should deny the Withdrawal Motions, without prejudice to Gandhi's ability to refile the motions after the Adversary Proceedings become ripe for trial.

## BACKGROUND

3.      On February 26, 2018, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court. The bankruptcy cases were filed in the shadows of an alleged massive fraud. Less than one month earlier, Punjab National Bank ("**PNB**") filed a complaint against the Debtors' owner Nirav Modi and several affiliates, alleging "the largest bank fraud in Indian history" against PNB and other banks, in which Mr. Modi and his co-conspirators used fraudulently obtained Letters of Understanding ("**LOU**," a bank document similar to a letter of credit) to perpetrate the fraud. According to PNB and Indian authorities, the perpetrators used a series of entities that "posed as independent third parties in sham transactions to import gemstones and other jewelry related

2

goods valued at billions of dollars in order to obtain bank financing in the form of LOUs." *In re Firestar Diamond, Inc.*, 615 B.R. 161, 163 (Bankr. S.D.N.Y. 2020). The Indian Central Bureau of Investigation claims that Mr. Modi and his co-conspirators obtained approximately $4 billion from PNB through the fraudulently obtained LOUs. *Id.*

4.     On June 14, 2018, the Bankruptcy Court approved the appointment of the Trustee as chapter 11 trustee, at which time the Trustee assumed control of the Debtors' estates and operations. (Dkt. 227.)

5.     On March 27, 2019, the Trustee filed the Fiduciary Duty Action, under which the Trustee seeks to recover from Mr. Gandhi, Nirav Modi, and Mihir Bhansali for breach of fiduciary duty, corporate waste, and civil RICO violations relating to defendants' six-year, extensive international fraud, money laundering, and embezzlement scheme, which resulted in accrual of claims against the Debtors of over $1 billion, the diversion of millions of dollars of the Debtors' assets for Modi's personal benefit, and the collapse of the Debtors and the resulting loss of value of their businesses.

6.     On November 5, 2019, Gandhi moved to dismiss the Fiduciary Duty Action. (Adv. 19-1102, Dkt. 36.) His co-defendants filed separate motions to dismiss. (Adv. 19-1102, Dkt. 38, 42.)

7.     On October 15, 2021, the Bankruptcy Court issued a Memorandum of Decision denying the motions to dismiss the Fiduciary Duty Action filed by Mr. Gandhi and his co-defendants. (Adv. 19-1102, Dkt. 69.)

8.     On March 11, 2022, Mr. Gandhi answered the First Adversary Proceeding and made a jury trial demand. (Adv. 19-1102, Dkt. 86.)

9.     On February 25, 2020, the Trustee filed the Salary Action, under which the Trustee seeks to recover avoidable transfers made to Mr. Gandhi and Mihir Bhansali in the course of their employment by the Debtors on actual fraudulent transfer and faithless servant theories.

10.    On May 4, 2020, Mr. Gandhi and his co-defendant filed motions to dismiss the Salary Action. (Adv. No. 20-1052, Dkt. 9, 10.) The motions are fully briefed and under submission to the Bankruptcy Court.

11.    In the four-plus years since the Debtors' chapter 11 cases began, the three-plus years since the Trustee filed the Fiduciary Duty Action, and the two-plus years since the Trustee filed the Salary Action, the parties have submitted extensive briefing and appeared for numerous conferences and hearings before the Bankruptcy Court concerning the facts and legal issues raised in the Adversary Proceedings.

12.    On June 21, 2022, Mr. Gandhi filed the Withdrawal Motions. (Adv. Proc. 19-1102, Dkt. 90; Adv. Proc. 20-1052, Dkt. 23.)[1] Although Mr. Gandhi filed a separate motion in each Adversary Proceeding, and two separate matters were opened before this Court, Mr. Gandhi relies on a single memorandum of law ("**Memorandum**") for each motion. (*See* Adv. Proc. 19-1102, Dkt. 90-2 and Adv.

---

[1] The Withdrawal Motions were assigned District Court case numbers on June 22, 2022 (No. 22-cv-5250) and June 23, 2022 (No. 22-cv-5293).

Proc. 20-1052, Dkt. 23-1 (attaching as Exhibit A the "Memorandum of Law filed in Adv. Pro. No. 19-01102").)

ARGUMENT

**I.  Withdrawal of the Reference is Unwarranted.**

    A.  <u>Legal Standard</u>

13.    District courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b), but may refer these matters to the Bankruptcy Court, 28 U.S.C. § 157(a). Like most district courts, this Court automatically refers all bankruptcy cases to the Bankruptcy Court in the first instance. *See In re Standing Order of Reference Re: Title 11*, Order M-341, 12 Misc. 32 (LAP) (S.D.N.Y. Jan 31, 2012); *Lehman Bros. Holdings, Inc. v. Hometrust Mortg. Co. (In re Lehman Bros. Holdings, Inc.)*, No. 15 CIV. 304 PAE, 2015 WL 891663, at *2 (S.D.N.Y. Feb. 25, 2015).

14.    Withdrawal of the reference to a bankruptcy court can be mandatory or permissive. A district court *must* withdraw the reference "if resolving the matter would 'require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'" *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991).

15.    A district court *may* withdraw the reference "on a timely motion of any party, for cause shown." *Id.* (quoting 28 U.S.C. § 157(d)). The district court "has broad discretionary authority" to withdraw the bankruptcy reference for cause. *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 486 B.R. 579, 582 (S.D.N.Y. 2013) (footnote and citation omitted). In the Second Circuit, district courts should first

5

evaluate whether the bankruptcy court may "finally adjudicate the matter," *Roman Catholic Diocese of Rockville Centre v. Certain Underwriters at Lloyds, London*, 634 B.R. 236, 233 (S.D.N.Y. 2021), and then "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping and other related factors." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *Guevoura Fund Ltd. v. Sillerman*, No. 18 CIV. 9784 (CM), 2018 WL 6713124, at *4 (S.D.N.Y. Dec. 3, 2018).[2] The moving party bears the burden of showing that permissive withdrawal of the reference is warranted. *Sillerman*, 2018 WL 6713124, at *4.

       B.   <u>Gandhi Has Failed to Establish Grounds for Mandatory Withdrawal of the Reference.</u>

16.     Gandhi addresses withdrawal under the *Orion* permissive withdrawal framework, but claims that withdrawal of the Fiduciary Duty Action is mandatory because the Trustee includes federal RICO claims. (Mem. 8-9.) Mandatory withdrawal is "narrowly applied" and generally limited to situations where a bankruptcy court might be called upon to decide "complicated issues of first impression" under non-bankruptcy federal law. *In re Keene Corp.*, 182 B.R. 379, 382 (S.D.N.Y. 1995). Gandhi fails to identify any such issues, stating only that the Fiduciary Duty Action will require the Bankruptcy Court to determine "proximate

---

[2] Under *Orion*, courts first considered whether a proceeding was "core" or "non-core." 4 F.3d at 1101. In *Stern v. Marshall*, 564 U.S. 462, (2011), the Supreme Court held that bankruptcy courts lack constitutional authority to issue final judgments over certain statutorily "core" claims. *Id.* at 499. Courts in the Second Circuit now consider whether the bankruptcy court may finally determine the proceeding in lieu of the core/non-core inquiry. *See Diocese of Rockville Centre*, 634 B.R. at 233.

causation and the structural elements of a RICO claim." (Mem. 9.) But these are just the elements of a RICO claim; the mere inclusion of a non-bankruptcy federal claim does not mandate withdrawal of the reference. *In re Solano*, No. CV 17-2158 FMO, 2017 WL 8180597, at *3 (C.D. Cal. June 19, 2017).

17.    Gandhi also questions the Bankruptcy Court's "expertise" to decide RICO claims. (Mem. 9.) But withdrawal does not turn on a bankruptcy court's "expertise" about a particular non-bankruptcy federal claim—the question is whether deciding such claim requires significant or novel interpretation of the non-bankruptcy federal law. Because Gandhi has shown no need for the Bankruptcy Court's "significant interpretation" of the RICO statute, mandatory withdrawal is not warranted. *See Keene*, 182 B.R. at 383 (denying mandatory withdrawal of adversary proceeding that included federal RICO and antitrust claims because no need for significant interpretation by bankruptcy court).[3]

C.    <u>Gandhi Has Failed To Show Cause for Withdrawal of the Reference.</u>

18.    Gandhi also fails to meet his burden of showing cause for permissive withdrawal of the reference. Considerations of efficiency, delay and cost to the parties, uniformity, and prevention of forum shopping weigh against withdrawal of the reference. The Bankruptcy Court, with its extensive experience with the factual record and legal issues presented in the Adversary Proceedings, should be allowed to complete pre-trial proceedings.

---

[3] Gandhi does not argue that the balance of the claims in the Adversary Proceedings—none of which involve non-bankruptcy federal law—are subject to mandatory withdrawal.

> 1. *The Bankruptcy Court's Lack of Final Adjudicative Authority Is Not Dispositive of the Permissive Withdrawal Inquiry.*

19.    Gandhi first argues for withdrawal because the claims are primarily "non-core" and because the Bankruptcy Court lacks final adjudicative authority. (Mem. 8-10, 13-14.[4]) The Trustee agrees that the Bankruptcy Court does not have authority to issue final judgment on the Adversary Proceedings. But a bankruptcy court's final adjudicative authority does not resolve the permissive withdrawal inquiry. *See In re TS Emp., Inc.*, No. 20 CIV. 9558 (JPC), 2021 WL 5087928, at *3 (S.D.N.Y. Nov. 2, 2021) ("[W]hile the core/non-core determination is an important factor, courts have repeatedly emphasized that this factor is not dispositive of a motion to withdraw a reference."); *Money Ctrs. of Am., Inc. v. Sherb & Co. LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 713 (S.D.N.Y. 2016) ("the core/non-core distinction" is often a "distinction without a difference" because other factors may favor keeping the proceeding in the bankruptcy court through the pretrial stages of the action). The remaining *Orion* factors—"efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, [and] the prevention of forum shopping"—weigh heavily against withdrawal.

> 2. *Considerations of Judicial Efficiency Weigh Against Withdrawal of the Reference.*

20.    Gandhi argues withdrawal would promote efficient use of judicial resources. (Mem. 11-12.) It would not. When a bankruptcy judge has "great expertise over the facts and claims" in the adversary proceeding, considerations of

---

[4] Gandhi's arguments concerning legal versus equitable claims (Mem. 13-14) and his jury demand (Mem. 14) restate this argument.

efficiency weigh against withdrawal of the reference. *Picard v. Saren-Lawrence*, No. 17 CIV. 5157 (GBD), 2018 WL 2383141, at \*5 (S.D.N.Y. May 15, 2018); *see also, e.g.*, *TS Emp.*, 2021 WL 5087928, at \*4 ("considerations of judicial efficiency[,] including the Bankruptcy Court's familiarity with the issues in this matter, support waiting until the Bankruptcy Court has finished its oversight of pretrial matters"); *Lehman Bros. Holdings Inc. v. Wellmont Health Sys. (In re Lehman Bros. Holdings Inc.)*, No. 14 CIV. 01083 LGS, 2014 WL 3583089, at \*4 (S.D.N.Y. July 18, 2014) ("judicial efficiency will be served by keeping the present action in the bankruptcy court given its substantial experience with the … bankruptcy proceedings"); *Lehman Bros. Holdings Inc. v. JPMorgan Chase, Inc. (In re Lehman Bros. Holdings Inc.)*, 480 B.R. 179, 196 (S.D.N.Y. 2012) ("given the bankruptcy court's involvement thus far in the litigation, the Court finds that judicial economy weighs against withdrawing the reference at this time"); *In re Extended Stay, Inc.*, 466 B.R. 188, 206–07 (S.D.N.Y. 2011) (denying withdrawal where the bankruptcy court was "already familiar with the extensive record in this case" and "largely for the same reasons, the policy promoting the uniform application of bankruptcy law also weighs against withdrawal").

21.   The Bankruptcy Court has overseen the Debtors' chapter 11 cases and the numerous adversary proceedings and contested matters brought in the chapter 11 cases for almost half a decade, during which time it has held numerous hearings and overseen and resolved countless motions, settlements, evidentiary hearings, claims, and objections. The Bankruptcy Court is familiar with the factual and legal

issues raised in these specific Adversary Proceedings. It has held numerous hearings on the Adversary Proceedings, issued a written decision denying the defendants' motions to dismiss the Fiduciary Duty Action, and has taken the defendants' fully briefed motions to dismiss the Salary Action under submission. It is also handling other litigation, which does not involve Mr. Gandhi, that implicates overlapping facts and legal issues. *See, e.g.*, *Levin v. Javeri*, Adv. No. 20-1054 (Bankr. S.D.N.Y.). The Bankruptcy Court's experience and involvement in the matters militates against withdrawal.

22.     Gandhi claims that withdrawing the reference would promote efficient use of judicial resources because any decision by the Bankruptcy Court would require de novo review by the District Court and the most efficient use of judicial resources would be to have a single trial at one time. But these arguments have no bearing on withdrawal of the reference at this pre-trial stage. Courts in this District have consistently denied motions to withdraw the reference in advance of trial in the interest of judicial efficiency. *Lehman Bros. Holdings Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.)*, 18 F. Supp. 3d 553, 558 (S.D.N.Y. 2014) ("If the adversary proceeding progressed to trial, [movant] could seek to withdraw the reference at that time … . But until that time, it is plain that efficiency would be served by leaving this adversary proceeding in the Bankruptcy Court." (citation omitted)); *Pension Fin. Serv. v. O'Connell (In re Arbco Capital Mgmt.*, LLP), 479 B.R. 254, 267-68 (S.D.N.Y. 2012) (denying motion to withdraw reference because "judicial efficiency favors keeping this proceeding in Bankruptcy Court for pretrial

purposes"). The Adversary Proceedings are not ready for trial, and the Bankruptcy Court should be allowed to complete pre-trial proceedings, without prejudice to Gandhi's ability to move to withdraw the reference if and when the matters become trial-ready.

> 3. *Considerations of Delay and Costs to the Parties Weigh Against Withdrawal of the Reference.*

23.     The next *Orion* factor—consideration of delay and costs to the parties—weighs against withdrawal for substantially similar reasons as the efficiency considerations outlined above. A bankruptcy judge's "'familiarity with the proceedings at issue and application of the relevant provisions of the Bankruptcy Code' may also cause considerations of delay and costs to the parties to weigh against withdrawal of the reference." *Picard v. Saren-Lawrence*, 2018 WL 2383141, at \*5 (quoting *In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 215 (S.D.N.Y. 2015)). The Bankruptcy Court's extensive familiarity with the proceedings will limit delay and costs required to complete pre-trial matters.

24.     Gandhi argues withdrawal is appropriate because the litigation "is at an early stage" (Mem. 13) and therefore will not slow the process or create any additional costs. While Gandhi's counsel is new to the Adversary Proceedings, the matters have been pending for years before the Bankruptcy Court and dispositive motion practice is well underway. Given the Bankruptcy Court's extensive and ongoing experience with related litigation, maintaining pre-trial oversight of the Adversary Proceedings in the same forum will limit delay and costs for the parties that would be incurred by withdrawing the reference.

   *4. Considerations of Uniformity Weigh Against Withdrawal of the Reference.*

25. The Bankruptcy Court's extensive familiarity with the Adversary Proceedings also promotes "uniform application of bankruptcy laws." *Lehman Bros.*, 532 B.R. at 215 (S.D.N.Y. 2015)); *see also Extended Stay*, 466 B.R. at 206–07 (where the Bankruptcy Court was "already familiar with the extensive record in this case" and "the policy promoting the uniform application of bankruptcy law … weighs against withdrawal"). Gandhi argues uniformity is promoted because some matters would ultimately be tried in the Bankruptcy Court and others in the District Court, risking inconsistent findings. (Mem. 12.) But the Adversary Proceedings are not ready for trial, so this consideration is, at best, premature. The Bankruptcy Court, with its extensive familiarity with these cases, should retain pretrial oversight to ensure uniform treatment of common issues in these matters and other pending litigation in the chapter 11 cases.

   *5. Prevention of Forum Shopping Weighs Against Withdrawal of the Reference.*

26. Finally, the Withdrawal Motions should be denied to prevent forum shopping. "As a general rule, 'courts should employ withdrawal judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court.'" *Money Ctrs. of Am.*, 579 B.R. at 710 (quoting *In re Formica Corp.*, 305 B.R 147, 149 (S.D.N.Y. 2004)); *In re Fairfield Sentry Ltd.*, No. 10 CIV. 7340, 2010 WL 4910119, at *4 (S.D.N.Y. Nov. 22, 2010) ("courts in this Circuit have construed Section 157(d) narrowly in order to prevent an 'escape hatch' out of bankruptcy court"). The timing of the Withdrawal Motions appears to be tactical.

While Gandhi claims the motions are "timely" (Mem. 14-15), they were filed after the Bankruptcy Court denied his motion to dismiss the Fiduciary Duty Action, while the Bankruptcy Court has taken his motion to dismiss the Salary Action under submission, and immediately before discovery was set to begin. Withdrawing the reference at this time would reward Gandhi with an "escape hatch" from a forum that has already ruled against him and further delay discovery. Denying the Withdrawal Motions would allow the the Bankruptcy Court to continue its pre-trial oversight of the Adversary Proceedings and decide Gandhi's motion to dismiss the Salary Action, thereby alleviating any concerns that Gandhi was deploying withdrawal as a litigation tactic.

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests the Court deny the Withdrawal Motions without prejudice to Gandhi's ability to refile motions to withdraw the reference if the matters become ready for trial.

Dated: July 5, 2022
     New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Richard Levin*
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

*Counsel for the Trustee*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of July, 2022, a true and correct copy of the foregoing Opposition was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to:

Edward Lee Schnitzer
Montgomery McCracken Walker & Rhoads LLP
437 Madison Ave
New York, NY 10022
eschnitzer@mmwr.com

*Counsel for Ajay Gandhi*

/s/ *Richard Levin*