**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

In re:                           :    Chapter 11
                                    :

FIRESTAR DIAMOND, INC., *et al.*,    :    Case No. 18-10509 (SHL)
                                    :

    Debtors.              :    (Jointly Administered)
-------------------------------------------------------------- x

RICHARD LEVIN, Chapter 11 Trustee of    :
FIRESTAR DIAMOND, INC., FANTASY, INC.,    :
and OLD AJ, INC. f/k/a/ A. JAFFE, INC.,    :
                                    :

    Plaintiff,           :    22-CV-5250-CM
                                    :
    v.                 :    Adv. Proc. No. 19-1102 (SHL)
                                    :

NIRAV DEEPAK MODI, MIHIR BHANSALI, and    :
AJAY GANDHI,                  :
                                    :

    Defendants.          :
-------------------------------------------------------------- x

RICHARD LEVIN, Chapter 11 Trustee of    :
FIRESTAR DIAMOND, INC., FANTASY, INC.,    :
and OLD AJ, INC. f/k/a/ A. JAFFE, INC.,    :
                                    :

    Plaintiff,           :    22-CV-5293-CM
                                    :
    v.                 :    Adv. Proc. No. 20-1052 (SHL)
                                    :

MIHIR BHANSALI and AJAY GANDHI,    :
                                    :

    Defendants.          :
-------------------------------------------------------------- x

**DEFENDANT AJAY GANDHI'S REPLY IN SUPPORT OF HIS MOTION TO**
**WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT PURSUANT TO**
**28 U.S.C. § 157(d), RULE 5011(a) OF THE FEDERAL RULES OF**
**<u>BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 5011-1</u>**

       Defendant Ajay Gandhi ("<u>Gandhi</u>") has established grounds for mandatory withdrawal

and good cause for permissive withdrawal of the reference of both the First and Second

Adversary Proceedings[1], which this Court recently determined to be related proceedings.[2] In his opposition, the Trustee fails to set forth any compelling reason why this Court should not withdraw the reference. As set forth in the Motion, these related proceedings arise under the Racketeering Influenced Corrupt Organizations Act ("RICO") and related fiduciary duty and New York state law claims that cannot be finally adjudicated by the Bankruptcy Court, and withdrawal at this early pre-discovery stage serves the interests of efficiency and uniformity in the administration of these related cases where no evidence of forum shopping exists.

## ARGUMENT

### A.     Withdrawal of the RICO and related fiduciary claims is mandatory.

The Trustee seeks to narrow the circumstances in which withdrawal of the reference is mandatory to only cases involving a "novel" issue of law. Nevertheless, that is not the standard, as withdrawal of the reference is required where the proceedings simply would require "a bankruptcy court judge to engage in significant interpretation . . . of federal laws apart from the bankruptcy statutes," *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2d Cir. 1991), such as RICO. *Picard v. Kohn*, No. 11 CIV. 1181 JSR, 2011 WL 10894857, at *3 (S.D.N.Y. Sept. 6, 2011). Gandhi need not establish that the Bankruptcy Court would be required to interpret a novel issue under RICO; the inherent need to engage in significant statutory interpretation as applied to the Trustee's RICO claims beyond mere application of the elements is sufficient to mandate withdrawal.

---

[1]      Capitalized terms not defined herein shall have the same meaning as ascribed in the *Memorandum of Law in Support of Ajay Gandhi's Motion to Withdraw the Reference to the Bankruptcy Court*, Bankr. Adv. Proc. No. 19-1102, D.E. 90.

[2]      *See* Case No. 22-CV-5250-CM, D.E. 7; 22-CV-5293-CM, D.E. 6.

Underscoring the significant level of interpretation required, the Trustee devotes nearly one hundred paragraphs of the First Adversary Proceeding complaint to RICO-related allegations.  Furthermore, he alleges multiple predicate acts, including Mail and Wire Fraud, National Stolen Property Act, Money Laundering, Obstruction of Justice, and Bankruptcy Fraud. Despite the Trustee's mischaracterization, the necessary interpretation of not only RICO, but also multiple federal criminal statutes alleged as predicate acts, clearly warrants mandatory withdrawal.

**B.      Good cause exists for permissive withdrawal.**

In addition to the federal RICO claims requiring mandatory withdrawal, Gandhi has also established good cause for permissive withdrawal. The related claims for breach of fiduciary duty, including aiding and abetting breach of fiduciary duty, involve private rights and may not be finally adjudicated by the Bankruptcy Court, nor can the non-core New York state law claims (fraudulent transfer and faithless servant) or Bankruptcy Code Section 548 claims (fraudulent conveyance), all arising from the same nucleus of related facts be finally adjudicated by the Bankruptcy Court. *Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP*, 2011 WL 6780600, at *1 (S.D.N.Y. Dec. 23, 2011) ("[A] bankruptcy trustee's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a) (2) seems… more accurately characterized as a private rather than a public right."). Gandhi exercised his Seventh Amendment right to a jury trial as to those claims and the bankruptcy-specific claims, therefore the Bankruptcy Court may not finally adjudicate any of the claims. While the Trustee points out that the lack of final adjudicative authority is not dispositive for permissive withdrawal, it is the key issue weighing in favor of withdrawal. *In re The VWE Grp., Inc.*, 359 B.R. 441, 447 (S.D.N.Y. 2007) (a district court deciding whether to withdraw the reference should "first evaluate whether the claim is core or

non-core, since it is upon this issue that questions of efficiency and uniformity will turn.")
(citing *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993).  Moreover, if a claim
involves state law, pre-trial proceedings are considered to be best handled by the District Court.
*See M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.,* 08-CV-1982, 2008 WL 2596322, *4
(S.D.N.Y. June 26, 2008)

Importantly, judicial economy is not served by keeping the Adversary Proceedings in the
Bankruptcy Court until they are ready for trial, at which time the District Court will need to
review what will become an extensive record *de novo.  In re Appleseed's Intermediate Holdings,
LLC*, 2011 WL 6293251, *3 (D. Del. Dec. 15, 2011) ("[A]fter fully litigating the case, if the
Bankruptcy Court did not have authority to enter final judgments, the parties could potentially
have to re-litigate the entire case. . . To avoid confusion and future collateral attacks on a
judgment issued by the Bankruptcy Court, the prudent action is to withdraw the reference at this
juncture."). In circumstances such as these, where the Bankruptcy Court lacks final adjudicative
authority and would be limiting to submitting proposed findings of fact and conclusions of law
for *de novo* review, it is generally "inefficient to allow the proceedings to go forward, knowing
that they will have to be substantially repeated." *Roman Catholic Diocese of Rockville Ctr., New
York v. Arrowood Indem. Co.,* 20-CV-11011 (VEC), 2021 WL 1978560, at *8 (S.D.N.Y. May
17, 2021) (*citing Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l Ltd.,* 905 F. Supp. 2d
530, 533 (S.D.N.Y. 2012) *and DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.,* 464
B.R. 587, 592 (S.D.N.Y. 2012) ("Such duplicate reviews of the contracts and facts are costly and
time-consuming, and unnecessarily expend judicial resources.")).

While attempting to bolster the Bankruptcy Court's familiarity with the adversary
proceedings, the Trustee seeks to equate the status and events in the Chapter 11 proceeding in its

entirely with the specific Adversary Proceedings here, which remain in the pleading and pre-discovery stage.  Even if the Chapter 11 proceeding, as a whole, was relevant to the determination of the allegations asserted in the complaints and the resources expended as to these cases specifically, efficiency still would not be served by keeping the cases before Judge Lane. Judge Lane is relocating to White Plains, necessitating the reassignment of some of his cases. Those reassignments could very well include these cases, meaning a new bankruptcy judge with absolutely no familiarity with the cases could be assigned and start from scratch before another inevitable movement to the District Court. This potential reassignment undermines the Trustee's argument that the Bankruptcy Court's familiarity with the Chapter 11 proceeding means keeping the Adversary Proceedings in Bankruptcy Court would foster judicial economy. *See Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP,* 2011 WL 6780600, at *4 (granting motion to withdraw reference even though the Bankruptcy Court judge had presided over the bankruptcy proceedings for over two years where state law issues were involved).

Efficiency is also served by withdrawing the reference to these two Adversary Proceedings.  The two matters were administratively consolidated by the Bankruptcy Court because of their relatedness, and the District Court confirmed their relatedness on July 5, 2022. (Case No. 22-cv-05250-CM, D.E. 7; Case No. 22-cv-05293-CM, D.E. 6).  Discovery has not commenced in either matter. Thus, despite the Trustee's contentions, the procedural status here clearly favors withdrawal. *See, e.g., Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,* 462 B.R. 457, 472 (S.D.N.Y. 2011*)* (granting motion to withdraw reference as to fraudulent conveyance claims as soon as court determined that the Bankruptcy Court could not enter a final order on under *Stern* and because no discovery had taken place and no case management plan or other course of proceeding had been agreed upon); *In re The VWE Grp., Inc.,* 359 B.R. 441, 447

(S.D.N.Y. 2007) (finding pre-discovery withdrawal was appropriate because motion to dismiss had not yet been ruled on at the time defendants filed their motion to withdraw the reference); *M. Fabrikant & Sons, Inc.,* 2008 WL 2596322, at *3 ("[W]ithdrawing the reference is efficient because if the case goes to trial, the trial would have to be conducted in district court."). Withdrawal will avoid any duplication of effort, clearly "a more efficient use of judicial resources." *Scott v. AIG Prop. Cas. Co.,* No. 17-CV-1052, 2017 WL 1380607, *4 (S.D.N.Y. Apr. 17, 2017).

Finally, the Trustee's argument that withdrawal of the reference will somehow delay the proceedings and increase costs is disingenuous and a red herring. Given the early stages of the Adversary Proceedings, there would not be any measurable delay or additional costs to the parties for the District Court to withdraw the reference now and to proceed with the cases in the District Court where they will ultimately need to be. The Trustee does not and cannot substantively address how it would cause delay or increase costs to withdraw the reference before discovery has commenced in the Bankruptcy Court.

**C.     The Motion is timely, and the Trustee's allegation of forum shopping is baseless.**

The Trustee contends that the "timing of the Withdrawal Motions appears tactical" simply because Gandhi's first motion to dismiss was denied and second motion to dismiss remains pending. The timing is not "tactical," it is appropriate. In fact, it is intended to ensure the Bankruptcy Court, and possibly a new judge, does not expend additional resources presiding over discovery and other pretrial proceedings in two related cases that will need to be wholly decided by the District Court.

Gandhi filed his motion when he did – as soon as his new counsel determined that he had appropriate and sufficient grounds to seek such relief – because it was appropriate to do so under

well-established precedent. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 307, 317 (S.D.N.Y. 2011) ("[T]he determination of timeliness must be made on a case-by-case, fact-specific basis."); *Official Comm. of Unsecured Creditors of FMI Forwarding Co., Inc. v. Union Transp. Corp. (In re FMI Forwarding Co., Inc.),* No. 04 Civ. 630, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (quoting *Kentile Floors, Inc. v. Congoleum Corp. (In re Kentile Floors, Inc.),* No. 95 Civ. 2470, 1995 WL 479512, at *2 (S.D.N.Y. Aug. 10, 1995)) ("[C]ourts in this Circuit have defined 'timely' to mean 'as soon as possible after the moving party has notice of the grounds for withdrawing the reference.'").  As set forth in the Motion, there has been no delay here, for tactical purposes or otherwise.  Considering the specific facts of these related cases, the motion is timely and appropriate.

Additionally, there is no legitimate basis for the Trustee to suggest that Gandhi is engaged in forum shopping. Because the Bankruptcy Court cannot enter a final judgment over these claims, "this matter will end up before the District Court regardless of the outcome of this motion. Accordingly, withdrawal of the bankruptcy reference does not promote forum shopping." *Arrowood,* 2021 WL 1978560, at *11 (*citing Brown Publ'g Co. v. Brown,* No. 15-MC-0531, 2017 WL 455418, at *5 (E.D.N.Y. Feb. 1, 2017) (holding that the inability of a bankruptcy court to enter a final judgment eliminates concerns over forum shopping)).

## **CONCLUSION**

Considering that the central claims at issue are RICO and state-law claims outside the Bankruptcy Court's purview and the early procedural posture of the related Adversary Proceedings where discovery has not yet commenced, Gandhi has established a basis for mandatory withdrawal and good cause for permissive withdrawal, as judicial efficiency will be

best achieved by promptly withdrawing the reference for both Adversary Proceedings to proceed in the District Court.

Dated: July 12, 2022                    Respectfully submitted,
        New York, New York

                                        **MONTGOMERY MCCRACKEN**
                                          **WALKER & RHOADS LLP**


                                        By: /s/ *Edward L. Schnitzer*
                                            Edward L. Schnitzer
                                            437 Madison Avenue
                                            New York, NY  10022
                                            (212) 551-7781
                                            eschnitzer@mmwr.com

                                            *Counsel for Ajay Gandhi*